489 S.E.2d 199

**In the Matter of Josef Kirk MYERS, Respondent.**

**No. 24673.**

Supreme Court of South Carolina.

Heard May 21, 1997.
Decided Aug. 11, 1997.

---

I.S. Leevy Johnson, of Johnson, Toal & Battiste, P.A., Columbia, for respondent.

Attorney General Charles Molony Condon and Senior Assistant Attorney General James G. Bogle, Jr., Columbia, for complainant.

PER CURIAM:

In this attorney grievance matter, we impose on Josef Kirk Myers a definite suspension from the practice of law for a period of sixty days.

### Medical University of South Carolina Matter

Respondent represented Sondra Trent in a personal injury action. The Trents were treated at the Medical University of South Carolina (MUSC) for injuries sustained in a serious automobile accident. Omni Insurance Company issued a draft in the amount of $8,000 payable to Theodore Trent and MUSC. Respondent endorsed the draft by typing MUSC's name on the back and deposited the draft into his trust account. The proceeds of the draft were paid to Theodore Trent. Respondent did not have authority to negotiate the draft.

### Albertha Rouse Matter

In an unnecessarily convoluted and complicated manner, Respondent prepared and executed numerous documents to assist his client, Albertha Rouse, in a real estate forfeiture matter. In so doing, Respondent misrepresented to a mortgage lender that it held a valid mortgage on his client's home. Additionally, because of Respondent's orchestration and manipulation of real estate documentation, the lender was deceived into making loans it might not otherwise have made.

We note that Respondent's actions were not motivated by nor did he receive any personal gain.

The evidence in the record supports the findings of violations of the Rules of Professional Conduct, Rule 407, SCACR, Rules 8.4(d)(by engaging in conduct involving moral turpitude); 8.4(e) (by engaging in conduct prejudicial to the administration of justice); and 4.1(a) (by making a false statement of material fact to a third person).

The Panel recommended a public reprimand. The Interim Review Committee adopted the Panel's findings of fact and conclusions of law, but recommended a ninety day suspension. Although the recommendations of the Panel and Interim Review Committee are persuasive, the ultimate authority to discipline attorneys and the manner of discipline rests with this Court. *In re Dobson*, 310 S.C. 422, 427 S.E.2d 166 (1993). We find the appropriate sanction is suspension from the practice of law for sixty days.

Respondent shall file, within fifteen (15) days of this opinion, an affidavit with the clerk of this Court stating he has complied with Paragraph 30 of Rule 413, SCACR. Additionally, Respondent shall comply with Rule 32 of Rule 413, SCACR.

**DEFINITE SUSPENSION.**